UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

      v.

MICHAEL LUEHRSEN,

              Defendant.
_____

21-CR-120-LJV-JJM

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

The government contends in its response to the motion to dismiss Count 1 that the new allegations simply "flesh out" charges from the trial indictment. But the government has done much more than that in its third superseding indictment. Rather, it is clear that the third superseding indictment "broaden[s] [and] substantially amend[s] the original charges," *United States v. Zvi*, 168 F.3d 49, 54 (2d Cir. 1999), such that the new conduct is not tolled by the trial indictment and is now time barred.

At bottom, the government realized it had insufficiently charged Mr. Luehrsen. It had primarily charged him with conduct in the trial indictment that, as argued in the principal brief, was not a crime – maximizing profit. The government learned of its error in the course of a trial, an error that was surely brought home by a jury that did not convict Mr. Luehrsen. Attempting to correct this error – and use alleged conduct that was learned during the course of, or in preparing for, trial – the government has now sought to bring new charges against Mr. Luehrsen. These charges are now beyond the statute of limitations.

It speaks volumes that large portions of the trial were dedicated to the altering and forging of certain prescriptions, yet these words do not appear once in the trial indictment. If the

government was aware of this conduct and wanted to charge Mr. Luehrsen with this conduct in 2021 at the time of the first indictment, it could have done so. The government, and the government alone, chooses which information to present to the grand jury and the words used to draft an indictment. Instead, it chose to seek, and eventually did obtain, an indictment charging Mr. Luehrsen with "continually maximiz[ing] both the reimbursement rate and the adjudication rate of the compounded medications." It charged him, in other words, with making a lot of money. Now understanding that this was sloppy, insufficient, and plainly just not good enough to secure a conviction, it has added charges that Mr. Luehrsen altered and forged documents. This is new conduct, and therefore does not relate back to the trial indictment. Count 1 must be dismissed.

**DATED:** December 21, 2023, Buffalo, New York.

Respectfully submitted,

**/s/Jeffrey T. Bagley**
Jeffrey T. Bagley

**/s/Brian P. Comerford**
Brian P. Comerford

Assistant Federal Public Defenders
Federal Public Defender's Office
300 Pearl Street, Suite 200
Buffalo, New York 14202
(716) 551-3341; 551-3346 (fax)
*Attorneys for Michael Luehrsen*