UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.

MICHAEL W. LUEHRSEN,

                Defendant.

_____

REPORT AND RECOMMENDATION

21-CR-120-LJV-JJM

        Defendant Michael W. Luehrsen is charged in a 19-count Third Superseding Indictment [214].[1]  Before the court are Luehrsen's pretrial motions to dismiss Count 1 charging him with conspiracy to commit health care fraud in violation of 18 U.S.C. §1349 (Comerford Affirmation [225], §1), and to sever the perjury counts (Counts 16-19) from the remaining counts of the Third Superseding Indictment (id. at §2),[2] which have been referred to me by District Judge Lawrence J. Vilardo for initial consideration [5].  Having considered the parties' submissions [225, 228, 232] and heard oral argument on January 10, 2024 [235], for the following reasons I recommend that the motions be denied.

## BACKGROUND

        The First Superseding Indictment [46], like the current Third Superseding Indictment, charged Luehrsen with conspiracy to commit health care fraud in violation of 18 U.S.C. §1349, as well as other crimes.  It alleged that Luehrsen participated in a health care fraud

---

[1]     Bracketed references are to the CM/ECF docket entries, and page references are to CM/ECF pagination.

[2]     Luehrsen's counsel confirmed at the January 10, 2024 oral argument that the remaining requests for relief raised in Luehrsen's omnibus pretrial motion [225] were resolved.

conspiracy whose purpose was to "unjustly enrich [him and his associates] by . . . obtaining prescriptions for compounded medications in a manner fraudulently intended to continually maximize both the reimbursement rate and the adjudication rate of . . . compounded medications" - *i.e.*, "drugs created by combining, mixing, or altering ingredients to create a medication that was tailored to the medical needs of an individual patient". Id. at 4, ¶10 and 6, ¶3. The manner and means by which the conspiracy was allegedly accomplished was set forth in detail in the First Superseding Indictment. See id. at 7-13, ¶¶4-17. It alleged that prescriptions for compounded medications were "not tailored to the needs of individual patients", but rather to "contain ingredients which carried high reimbursement rates" (id. at 9, ¶12), and that these prescriptions were allegedly obtained, *inter alia*, by "physicians who had never examined, and who had no doctor-physician relationship with, the patients for whom they prescribed medications" and by providing "physicians with new, updated pre-printed prescription forms containing new formulations". Id. at 9-10, ¶12 and 12, ¶14.

Following a trial on the First Superseding Indictment [46], the jury returned a verdict in March 2022 acquitting Luehrsen of ten counts (id. at Counts 2-9 and 21-22), but was unable to reach a unanimous verdict on the conspiracy to commit health care fraud count (id. at Count 1) and on 11 counts of money laundering in violation of 18 U.S.C. §1957(a) (id. at Counts 10-20), resulting in a mistrial on those counts. See Jury Verdict [143]; March 4, 2022 minute entry [137].

The Third Superseding Indictment [214] continues to charge Luehrsen with conspiracy to commit health care fraud (id. at Count 1), as well as the 11 mistried counts of money laundering (id. at Counts 2-12). It adds three new money laundering counts (id. at Counts

13-15), as well as four perjury counts (id. at Counts 16-19).  Three of the perjury counts relate to alleged false statements made by Luehrsen in connection with his motion in this action to release seized assets (id. at Counts 16-18) and the fourth arises from his trial testimony (id. at Count 19).

## DISCUSSION

**A.     Dismissal of Count 1**

The Third Superseding Indictment alleges that the health care fraud conspiracy was accomplished by various means, including the use of forged and altered prescriptions. *See, e.g.*, Third Superseding Indictment [214] at 12, ¶15.  Luehrsen argues that this conduct, which occurred no later than December 2016, was not previously charged in the First Superseding Indictment and "completely alter[s] the nature of the alleged fraud", causing Count 1 to be time barred under the statute of limitations. Comerford Affirmation [225] at 2-3; Memorandum of Law [225-1] at 1-2, 4.

"[A] superseding indictment that supplants a pending timely indictment relates back to the original pleading and inherits its timelines as long as the later indictment does not materially broaden or substantially amend the original charges." United States v. Salmonese, 352 F.3d 608, 622 (2d Cir. 2003).  Even a superseding indictment "containing additional overt acts" can relate back to the earlier indictment, as long as "the additional overt acts simply flesh out or provide more detail about the originally charged crime without materially broadening or amending it". United States v. Rutkoske, 506 F.3d 170, 176 (2d Cir. 2007).

To determine "whether a superseding indictment materially broadens or amends the original charges", courts consider whether it alleges "violations of a different statute,

contain[s] different elements, rel[ies] on different evidence, or expose[s] the defendant to a potentially greater sentence". Salmonese, 352 F.3d at 622. However, "[n]o single factor is determinative". Id. Ultimately, "'[n]otice is the touchstone in deciding whether a superseding indictment substantially changes the original charges'". Luehrsen's Memorandum of Law [225-1] at 3.

   As Luehrsen notes, Count 1 of the First Superseding Indictment did not allege that he, "nor anyone connected to the alleged conspiracy, altered or forged any documents in furtherance of the conspiracy". Luehrsen's Memorandum of Law [225-1] at 3. Luehrsen contends that these allegations were added to the Third Superseding Indictment because the jury verdict confirmed that the conduct charged in the First Superseding Indictment - "maximizing profit" - was "not a crime". Luehrsen's Reply Memorandum [232] at 1.

   Comparing the two indictments, Luehrsen's arguments are initially appealing. However, Luehrsen admits that "large portions of the trial were dedicated to altering and forging of certain prescriptions". Luehrsen's Reply Memorandum [232] at 1. Both parties confirmed at oral argument that the admission of this evidence was not objected to at trial.

   While Luehrsen's current attorneys suggested at oral argument that they might have objected to the admission of that evidence at the initial trial, his prior (and equally capable) attorney plainly had notice, and did not contest, that Count 1 of the First Superseding Indictment encompassed the conduct now expressly alleged in the Third Superseding Indictment. Luehrsen cannot rely on the change in counsel to escape that fact. See Kenny v. County of Suffolk, 2008 WL 4936856, *1 (E.D.N.Y. 2008) ("[i]ncoming counsel is bound by the actions of his or her predecessor"); United States v. Kubini, 2018 WL 4282852, *8 (W.D. Pa. 2018) (a party "is

bound by the decisions of its former counsel"). Since the "touchstone" of the relation back doctrine is notice, I conclude that Count 1 of the Third Superseding Indictment is not time barred.

**B.     Severance of Counts[3]**

An indictment may charge a defendant with two or more offenses where those offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan". Fed. R. Civ. P. ("Rule") 8(a). Even where offenses are properly joined, severance can be ordered pursuant to Rule 14(a) where joinder "appears to prejudice a defendant".

Luehrsen argues that the perjury counts are not properly joined under Rule 8 and that it would be "unduly prejudicial [for him] to defend against the health care fraud counts before the same jury that will hear evidence of his alleged perjury". Comerford Affirmation [225] at 3-4.

**1.     Rule 8(a)**

Rule 8(a) sets forth "a liberal standard", United States v. McGrath, 558 F.2d 1102, 1106 (2d Cir. 1977), that permits the joinder of two or more offenses in the same indictment if one of three conditions is satisfied: (1) the charged offenses are "of the same or similar character", (2) the charged offenses are "based on the same act or transaction", or (3) the charged offenses are "connected with or constitute parts of a common scheme or plan". Rule 8(a).

---

[3]     Although all of my Scheduling Orders, including those issued in this case, state that "MOTIONS SEEKING SEVERANCE ARE TO BE SEPARATELY FILED WITH [THE DISTRICT JUDGE]" (see, e.g., Second Amended Scheduling Order [224], ¶1 (emphasis omitted)), that instruction is intended for motions to sever defendants, which have Speedy Trial Act calendar implications.

In seeking severance, Luehrsen challenges the government's ability to satisfy two of the conditions, arguing that "the perjury counts are not part of the same 'act or transaction,' nor are they part of the same 'common scheme or plan' as the health care fraud counts". Comerford Affirmation [225] at 3.

### a.     Count 19

Count 19 arises from Luehrsen's allegedly false trial testimony concerning his location when an altered prescription was faxed from his father's home. The government argues that "Counts 1 and 19 are properly joined because Count 19 charges [him] with giving perjurious testimony about one of the acts underlying Count 1". Government's Response [228] at 12. I agree. *See* United States v. Sweig, 441 F.2d 114, 119 (2d Cir. 1971) ("[g]iven such a clear case of commonality of proof, the conspiracy and perjury offenses were surely 'connected together' for purposes of Rule 8(a)"); United States v. Potamitis, 739 F.2d 784, 791 (2d Cir. 1984) ("[t]he law in this circuit clearly supports the joinder of underlying substantive crimes with perjury counts where, as here, the false declarations concern the substantive offenses").

### b.     Counts 16-18

The government argues that joinder of Counts 16-18, which concern allegedly false statements by Luehrsen in connection with a motion to release assets in this action, is proper because "those counts 'are of the same or similar character' as the perjury charged in Count 19". Government's Response [228] at 13 (*quoting* Rule 8(a)). It notes that "similar" charges include those that are "'somewhat alike' or have 'a general likeness'". Id. (*quoting* United States v. Werner, 620 F.2d 922, 926 (2d Cir. 1980)).

As discussed above, Luehrsen only challenges two of the three grounds for joinder. He did not address whether these counts were properly joined as being "of the same or similar character", nor does he offer any opposition to the government's reliance on that ground. *See* government's Response [228] at 13. Therefore, I conclude that joinder of these counts is permissible.

### 2. Rule 14(a)

"To establish that severance is warranted under Rule 14(a), the defendant must show not simply some prejudice but *substantial* prejudice." United States v. Kemp, 2023 WL 405763, *6 (2d Cir. 2023) (Summary Order) (emphasis in original). Since "Rules 8 and 14 were designed to promote economy and efficiency and to avoid a multiplicity of trials, so long as these objectives can be achieved without substantial prejudice to the defendant, less drastic measures than severance, such as limiting instructions, often will suffice to cure any risk of prejudice and permit joinder". Id. *See also* United States v. Feyrer, 333 F.3d 110, 114 (2d Cir. 2003) (even "where the risk of prejudice is high . . . . less drastic measures - such as limiting instructions - often suffice as an alternative to granting a Rule 14 severance motion"); United States v. Malakhov, 2023 WL 7297218, *4 (W.D.N.Y. 2023). "[T]he burden is upon a moving defendant to show facts demonstrating that he will be so severely prejudiced by a joint trial that it would in effect deny him a fair trial. The defendant must demonstrate that he suffered such prejudice as a result of the joinder, not that he might have had a better chance for acquittal at a separate trial." United States v. Chang An-Lo, 851 F.2d 547, 556 (2d Cir. 1988).

Luehrsen argues that it would be "unduly prejudicial" for him "to defend against the health care fraud counts before the same jury that will hear evidence of his alleged perjury".

Comerford Affirmation [225] at 3.  This generalized argument falls short of satisfying his "heavy burden of showing that joinder will result in substantial prejudice". United States v. Amato, 15 F.3d 230, 237 (2d Cir. 1994). *See also* United States v. Pena, 932 F. Supp. 2d 464, 466 (S.D.N.Y. 2013) (the defendant's "conclusory statements regarding prejudice do not meet Rule 14(a)'s 'extremely difficult burden'"); United States v. Gracesqui, 2015 WL 5231168, *4 (S.D.N.Y. 2015), aff'd, 730 F. App'x 25 (2d Cir. 2018) ("[a] defendant must allege more than a generalized threat of jury confusion or cumulative evidence to succeed in a motion to sever"). To the extent that any prejudice may exist by the joinder of Counts 16-19, "less drastic measures, such as limiting instructions, [ ] will suffice to cure any risk of prejudice", and Luehrsen has not established otherwise.  Zafiro v. United States, 506 U.S. 534, 539 (1993).

## CONCLUSION

For the foregoing reasons, I recommend that Luehrsen's motions to dismiss Count 1 (Comerford Affirmation [225], §1) and for severance of counts (id. at §2) be denied.  Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by February 13, 2024.  Any requests for extension of this deadline must be made to Judge Vilardo.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision".  Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the

magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(b)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: January 30, 2024

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge