UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.

MICHAEL W. LUEHRSEN,

        Defendant.

21-CR-120
DECISION & ORDER

---

      The defendant, Michael W. Luehrsen, was charged in an indictment with one count of conspiracy to commit health care fraud, nineteen counts of money laundering, and two counts of obstruction of justice.  Docket Item 1.  On August 4, 2021, the case was referred to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).  Docket Item 5.  In November 2021, the government charged Luehrsen in a superseding indictment containing the same twenty-two counts.  Docket Item 46.

      After a jury trial in early 2022, Luehrsen was acquitted on Counts 2-9 (money laundering) and Counts 21-22 (obstruction of justice).  Docket Item 143.  But the jury was unable to reach a unanimous verdict on Count 1 (conspiracy to commit health care fraud) and Counts 10-20 (money laundering).  *Id.*

      In June 2023, a grand jury issued a second superseding indictment, which changed the description of the conduct alleged in Count 1, included the same money laundering counts previously charged on which the trial jury did not reach a verdict, and added three perjury counts.  Docket Item 209.  In August 2023, the grand jury issued a

third superseding indictment, which added an additional perjury count.  Docket Item 214.

Several months later, Luehrsen moved to dismiss Count 1 of the third superseding indictment and to sever the new perjury counts.  Docket Item 225.  After the government responded, Docket Item 228, and Luehrsen replied, Docket Item 232, Judge McCarthy heard oral argument, *see* Docket Item 235.

Judge McCarthy then issued a Report and Recommendation ("R&R") finding that this Court should deny Luehrsen's motions.  Docket Item 236.  Luehrsen objected to the R&R, Docket Item 241; the government responded, Docket Item 243; and Luehrsen replied, Docket Item 244.  This Court heard oral argument and reserved decision.  *See* Docket Item 246.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

This Court has carefully and thoroughly reviewed the R&R, the objection, the response, the reply, and the materials submitted to Judge McCarthy.  Based on that *de novo* review, the Court accepts and adopts Judge McCarthy's recommendation to deny Luehrsen's motions.

## **DISCUSSION**

The Court assumes the reader's familiarity with the underlying facts and Judge McCarthy's analysis in the R&R.  *See* Docket Item 236.

I.      MOTION TO DISMISS COUNT 1

Luehrsen contends that Count 1 should be dismissed because the third superseding indictment "add[s] to, broaden[s], and fundamentally change[s] the conduct that was charged in the . . . indictment."  Docket Item 225 at 1-2.  "For the first time," Luehrsen says, the government "allege[s] that [he] forged and altered prescriptions in furtherance of the conspiracy."  *Id.* at 2.  "And because there is no dispute that the conduct is alleged to have occurred no later than December 2016," Luehrsen argues, "that conduct is now time barred under the applicable five-year statute of limitations."  *Id.* (citing 18 U.S.C. § 3282).

For Luehrsen to succeed on his argument, he must demonstrate that the allegations in Count 1 of the third superseding indictment "materially broaden or substantially amend the original charge[]."  *See United States v. Salmonese*, 352 F.3d 608, 622 (2d Cir. 2003).  "In determining whether a superseding indictment materially broadens or amends the original charge[], [courts] consider whether the additional pleadings allege violations of a different statute, contain different elements, rely on different evidence, or expose the defendant to a potentially greater sentence."  *Id.* (citation omitted).  "No single factor is determinative; rather, the 'touchstone' of [the] analysis is notice, i.e., whether the original indictment fairly alerted the defendant to the subsequent charges against him and the time period at issue."  *Id.* (citation omitted).

The Second Circuit has held that "additional overt acts [that] simply flesh out or provide more detail about the originally charged crime without materially broadening or amending it" relate back to the original indictment.  *Id.* at 622-23.  And that is what the government says it did here.  *See* Docket Item 243 at 2-12.

3

Judge McCarthy rejected Luehrsen's argument because Luehrsen's prior counsel did not object to admitting evidence of altered and forged prescriptions at trial. *See* Docket Item 236 at 4 ("While Luehrsen's current attorneys suggested at oral argument that they might have objected to the admission of that evidence at the initial trial, his prior (and equally capable) attorney plainly had notice, and did not contest, that Count 1 of the [f]irst [s]uperseding [i]ndictment encompassed the conduct now expressly alleged in the [t]hird [s]uperseding [i]ndictment."). And "[s]ince the 'touchstone' of the relation back doctrine is notice," Judge McCarthy "conclude[d] that Count 1 of the [t]hird [s]uperseding [i]ndictment [wa]s not time barred." *Id.* at 5.

Luehrsen acknowledges that his current counsel is bound by the actions of his prior counsel. *See* Docket Item 241 at 2-3. So he concedes, for example, that "[h]ad current counsel been arguing . . . in a post-trial motion that certain evidence should have been precluded," that argument would have been waived by prior counsel's failure to object at trial. *See id.* But, Luehrsen says, "that is not the posture of this motion. Rather, the government has filed a new indictment, charging new conduct." *Id.* at 3.

Moreover, Luehrsen observes, although "'notice' may be the touchstone of the relation-back doctrine, . . . notice must be served through '[a] timely, pending indictment,'" not at trial. Docket Item 241 at 2. And even if notice at trial were sufficient, he says, "that notice was not served until at least February 2022, when the initial trial commenced," which "also [was] beyond the five-year statute of limitations applicable to Count 1." *Id.* at 3.

This Court agrees with Luehrsen that his prior counsel's failure to object to the admission of evidence at trial does not bar current counsel from arguing that the

4

allegations in the third superseding indictment "materially broaden[ed] or substantially amend[ed] the original charge[]." *See Salmonese*, 352 F.3d at 622. But after carefully examining the changes to Count 1, this Court agrees with the government that the new details merely "flesh out" the manner in which Luehrsen and others are alleged to have "fraudulently" obtained prescriptions for compounded medications. *Compare* Docket Item 46 at 6 ("It was the purpose of the conspiracy for [Luehrsen] and his associates[] to unjustly enrich themselves by marketing, and obtaining prescriptions for, compounded medications *in a manner fraudulently intended* to continually maximize both the reimbursement rate and the adjudication rate of the compounded medications." (emphasis added)), *with* Docket Item 214 at 6 ("It was the purpose of the conspiracy for [Luehrsen] and his associates to unjustly enrich themselves by orchestrating the receipt of commissions for compound prescriptions that had been altered, forged, or issued in the absence of a doctor-patient relationship."). Stated another way, the new indictment merely provides more detail about how Luehrsen fraudulently obtained the prescriptions—by altering, forging, or having them issued in absence of a doctor-patient relationship.

In sum, the third superseding indictment does not "allege violations of a different statute, contain different elements, . . . or expose the defendant to a potentially greater sentence." *See Salmonese*, 352 F.3d at 622. Nor does it rely on different evidence by fundamentally altering or materially expanding the nature of the conspiracy. *See id.* This Court therefore accepts Judge McCarthy's recommendation to deny Luehrsen's motion to dismiss Count 1.

## II.   MOTION TO SEVER THE PERJURY COUNTS

The third superseding indictment charges Luehrsen with four counts of perjury: Count 19 alleges that he lied under oath at his trial in 2022, and Counts 16, 17, and 18 allege that he perjured himself in filings in 2021 and 2022 relating to his motion to release seized assets.  *See* Docket Item 214 at 17-21.  Luehrsen moves to sever these counts because, in his view, they "are not part of the same 'act or transaction,' nor are they part of the same 'common scheme or plan' as the health care fraud counts, and are therefore not properly joined under Rule 8."  Docket Item 225 at 3; *see* Fed. R. Crim. P. 8(a) ("The indictment or information may charge a defendant in separate counts with [two] or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.").  Moreover, Luehrsen suggests, "it would unduly prejudic[e him] to defend against the health care fraud counts before the same jury that will hear evidence of his alleged perjury."  Docket Item 225 at 3.

Judge McCarthy found that the perjury counts were properly joined under Rule 8.  *See* Docket Item 236 at 5-7.  More specifically, he found that Count 19 was properly joined because it "charges [Luehrsen] with giving perjurious testimony about one of the acts underlying Count 1."  *Id.* at 6; *see United States v. Potamitis*, 739 F.2d 784, 791 (2d Cir. 1984) ("The law in this circuit clearly supports the joinder of underlying substantive crimes with perjury counts where, as here, the false declarations concern the substantive offenses.").  Judge McCarthy then concluded that Counts 16-18 were properly joined because they "'are of the same or similar character' as the perjury charged in Count 19."  Docket Item 236 at 6.  Finally, Judge McCarthy found that Luehrsen had not met his burden of showing "*substantial* prejudice," as is required for

6

severance under Federal Rule of Criminal Procedure 14(a).  Docket Item 236 at 7 (quoting *United States v. Kemp*, 2023 WL 405763, *6 (2d Cir. 2023) (summary order)).

In his objection, Luehrsen does not challenge Judge McCarthy's finding that the counts are properly joined under Rule 8.  *See* Docket Item 241 at 3-4.  Rather, Luehrsen objects to Judge McCarthy's finding that severance of the perjury counts is not warranted under Rule 14(a).  *See id.* at 4 (contending "that it will be confusing to a jury and substantially prejudicial to . . . Luehrsen if he is forced to simultaneously defend both the health care fraud charges and the perjury charges, particularly those relating to his net worth statements").  After carefully considering Luehrsen's arguments, this Court agrees with Judge McCarthy.

As an initial matter, the law in the Second Circuit is clear that Count 19, which concerns alleged perjury regarding the other conduct charged in this case, is properly joined.  *See Potamitis*, 739 F.2d at 791 (explaining that "[t]he contention that there is some inherent prejudice in joining perjury and related counts with substantive offense charges has been widely rejected"); *see also Garcia v. United States*, 15 F. Supp. 2d 367, 379 (S.D.N.Y. 1998) (finding that "[j]oinder of the perjury counts with the substantive-offense counts was . . . proper" where the perjury counts concerned alleged false statements at the defendant's first trial).  And this Court further agrees with Judge McCarthy that Counts 16-18 are properly joined because they are "of similar character" to Count 19.  *See* Fed. R. Crim. P. 8(a).  The question, then, is whether Luehrsen has shown that prejudice against him warrants severance.

As Judge McCarthy observed, the bar for prejudice under Rule 14(a) is high.  Docket Item 236 at 7; *see Kemp*, 2023 WL 405763, *6.  And as the government notes,

7

"less drastic measures—such as limiting instructions—often suffice as an alternative to granting a Rule 14 severance motion."  Docket Item 243 at 16-17 (*United States v. Feyrer*, 333 F.3d 110, 114 (2d Cir. 2003)).  Such is the case here.

It is true that the perjury counts—particularly Counts 16-18—will add facts and additional time to the trial.  But the Court does not see why those additional facts will confuse the jury or substantially prejudice Luehrsen.  The Court will instruct the jury that they must consider each count separately and return a separate verdict on each count.  If Luehrsen has other instructions that he would like to propose to limit any confusion or prejudice, the Court will consider those proposals as well.

For those reasons and the reasons stated in the R&R, this Court denies Luehrsen's motion to sever.

## **CONCLUSION**

For the reasons stated above, this Court accepts Judge McCarthy's recommendation, Docket Item 236, and Luehrsen's motions to dismiss Count 1 of the third superseding indictment and to sever the perjury counts, Docket Item 225, are DENIED.

SO ORDERED.


Dated:   May 24, 2024
         Buffalo, New York


                                             /s/ Lawrence J. Vilardo
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE